911 F.2d 731
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ralph Luther BLEVINS, Plaintiff-Appellant,
v.
Earl O. SMITH, Cotton, Melcher, Defendants-Appellees.
 No. 89-3923.
 United States Court of Appeals, Sixth Circuit.
 Aug. 13, 1990.
 
 1
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and TODD, District Judge.*
 
 ORDER
 
 2
 This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Ralph Luther Blevins appeals the summary judgment for defendants in this civil rights action filed under 42 U.S.C. Sec. 1983. Blevins, a maximum security federal prisoner, alleged that the conditions of his confinement in the Franklin County, Ohio, Jail, during a period of almost four months while he stood trial on a state charge of aggravated robbery, were unconstitutional. Pursuant to 28 U.S.C. Sec. 636(c), the parties consented to proceed before the magistrate who granted the defendant jail officials' motion for summary judgment. Upon consideration, we conclude that summary judgment was proper.
 
 
 4
 First, plaintiff's claim that he was placed in segregation as a security risk without a required hearing is meritless. The jail regulations did not create a liberty interest regarding plaintiff's classification. See Hewitt v. Helms, 459 U.S. 460, 469-72 (1983). Moreover, jail officials duly and properly determined that plaintiff posed a security threat. Plaintiff's insistence upon a hearing is a demand for needless formality of process which is not constitutionally guaranteed. See Olim v. Wakinekona, 461 U.S. 238, 250 (1983).
 
 
 5
 Second, the jail policy prohibiting receipt of newspapers is reasonably related to the legitimate interest of reducing the risk of fire. See Thornburgh v. Abbott, 109 S.Ct. 1874, 1876 (1989). The policy does not prohibit the receipt of other less flammable printed materials and otherwise does not constitute an exaggerated response to the problem. See Thornburgh, 109 S.Ct. at 1884. Therefore, this claim is without merit.
 
 
 6
 Finally, the remaining claims advanced on appeal are clearly without merit. Other claims have been abandoned on appeal. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 7
 For the foregoing reasons, and for the reasons stated by the magistrate in the opinion and order entered September 1, 1989, the judgment of the district court is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James D. Todd, U.S. District Judge for the Western District of Tennessee, sitting by designation